**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**JACOB O'BRYANT and**
**MARK BRANDON BAKER,**
*Individually, and on behalf of themselves*
*and other similarly situated current and*
*former employees*,

        Plaintiffs,

**v.**                                    **Case No. _____**

**ABC PHONES OF NORTH CAROLINA, INC.,**      **FLSA COLLECTIVE ACTION**
**d/b/a VICTRA, f/d/b/a A Wireless,**
*a North Carolina Corporation,*              **JURY DEMANDED**

        Defendant.

---

## ORIGINAL COMPLAINT

---

Plaintiffs Jacob O'Bryant and Mark Baker, individually, and on behalf of themselves and other similarly situated current and former employees, bring this collective action against ABC Phones of North Carolina, Inc. d/b/a VICTRA ("VICTRA") and allege as follows:

### I.
### INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation and other damages owed to Plaintiffs and other similarly situated current and former employees who are members of a class as defined herein and currently or previously employed by Defendant.

## II.
## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has subject matter jurisdiction over Plaintiff' FLSA claims, as Plaintiffs' claims are pursuant to a federal statute. 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendant in this district at all times relevant to this action, Defendant regularly conducted and continues to conduct business in this district, and has engaged and continues to engage in the wrongful conduct alleged herein in this district during all material times in this cause. For these same reasons, this Court has personal jurisdiction over Defendant, since personal jurisdiction is proper under Tennessee's Long Arm Statute, Tenn. Code Ann. § 20-2-214.

## III.
## CLASS DESCRIPTION

4. Plaintiffs bring this action on behalf of the following similarly situated persons:

> All current and former retail employees of ABC Phones of North Carolina, Inc. or any of its subsidiaries doing business as VICTRA, who were paid an hourly wage plus commission, and who were employed in the United States at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this

matter, and who are Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

## IV.
## PARTIES

5. Defendant, ABC Phones of North Carolina, Inc., d/b/a VICTRA ("VICTRA") is a privately-owned company headquartered at 8510 Colonnade Center Dr #300, Raleigh, NC 2761.

6. ABC Phones of North Carolina, Inc., is a North Carolina corporation and is registered with the Tennessee Secretary of State, with the assumed name of VICTRA and may be served through its registered agent Corporation Service Company 2908 Poston Ave., Nashville, TN 37203.

7. ABC Phones of North Carolina, Inc., has either purchased or re-branded multiple other phone retailers in the last twenty-four to thirty-six months, including A Wireless, and this compliant seeks recovery of any damages owed by businesses which were purchased by ABC Phones of North Carolina, Inc., d/b/a VICTRA, during the relevant time period.

8. Plaintiffs Jacob O'Bryant ("Mr. O'Bryant") is and was a resident of this district and was employed by Defendant as a retail sales person on an hourly-plus-commission basis. (The consents of Mr. O'Bryant and Mr. Baker are attached hereto as *Exhibits A* and *B*, respectively.)

9. Plaintiffs Mr. Baker ("Mr. O'Bryant") is and was a resident of this district and was employed by Defendant as a retail sales person on an hourly-plus-commission basis. (The consents of Mr. O'Bryant and Mr. Baker are attached hereto as *Exhibits A* and *B*, respectively.)

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## V.
## ALLEGATIONS

10. VICTRA is a company that sells Verizon compatible phones, Verizon data plans, and cell phone accessories through its VICTRA branded locations, which formerly did business as several entities including, but not limited to A Wireless and Diamond Wireless.

11. VICTRA is an authorized Verizon franchisee.

12. VICTRA operates over 1,100 retail locations nationwide.

13. As Plaintiffs' employer, VICTRA, set wage and hour policies, including employees overtime pay, commission pay, and overtime rates.

14. VICTRA compensates its hourly-paid retail associates by paying an hourly pay rate plus commissions, which are paid according to frequently adjusted formulas.

15. At all times material to this action, Plaintiffs and those similarly situated are or have been "employees" of VICTRA as defined by Section 203(e)(1) of the FLSA and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

16. At all times material to this action, VICTRA has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

17. At all times material to this action, VICTRA has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

18. VICTRA has and continues to employ non-exempt, hourly-paid workers whose primary duties are retail sales, customer service, and/or the management or training of other non-exempt hourly-paid workers engaged in the same.

19. VICTRA has and continues to employ a uniform payment structure for its retail sales associates which violates the FLSA's overtime policies because the commission payments and/or non-discretionary bonuses earned by Plaintiffs and those similarly situated employees are not included in such employees' regular rate when overtime payments are calculated.

20. Defendant failed to include commission payments and/or nondiscretionary bonuses in the regular rate of pay for Plaintiffs and those similarly situated, resulting in underpayment of overtime on Plaintiffs' base hourly rate rather than the regular rate as defined in Department of Labor regulation 29 C.F.R. 778.114, which requires the inclusion of commission payments and non-discretionary bonuses in the regular rate when calculating overtime.

21. The net effect of VICTRA's aforementioned plan is that VICTRA willfully failed to pay Plaintiffs, and other similarly situated employees premium pay for overtime work in order to save payroll costs. As a consequence, Defendant has violated the FLSA and has thereby enjoyed ill-gained profits at the expense of Plaintiffs and others similarly situated.

22. Plaintiffs and other similarly situated individuals are entitled and, hereby seek, to recover back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendant for all such unpaid overtime, that is available under the Fair Labor Standards Act.

23. Because Plaintiffs do not have access to their full pay records from the time they worked as Defendant's employees, Plaintiffs cannot calculate the full amount of damages they are owed. Plaintiffs believe that such information will be ascertained through discovery.

24. However, Plaintiffs' damages will be easily ascertained through limited discovery. Plaintiffs' damages are calculable as follows:

(a) For each week Defendant employed Plaintiff: combine the amount Defendant paid Plaintiffs for all work, including Plaintiffs' base rate of pay and any commission or bonus payments, and divide by the hours Plaintiffs worked;

(b) the result from above is multiplied times 1.5, which is again multiplied by the number of hours that Plaintiffs worked over 40 for the same week; and then

(c) this result is subtracted from the amount Defendant paid Plaintiffs for overtime work for the same week.

25. Plaintiffs' damages are the amount specified in the paragraph above, liquidated, plus any interest, attorney's fees, or costs that the Court deems appropriate.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs bring this action on behalf of himself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b).

27. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

28. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and can only be ascertained through applicable discovery, Plaintiffs believe there are at least thousands of individuals in the class.

29. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and the other members of the class work or have worked for Defendant's retail or retail-related position at an hourly-plus-commission rate during the statutory period.

30. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Defendant properly calculated Plaintiffs' overtime rate;

- The correct statute of limitations for the claims of Plaintiffs and other members of the class;

- Defendant's affirmative defenses;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and

- Whether Defendant is liable for interest, attorneys' interest, fees, and costs.

31. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class, and Plaintiffs have retained competent counsel who are experienced in collective action litigation.

32. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

33. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

**FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME**

34. Plaintiffs, on behalf of themselves and other members of the class, repeats and re-alleges Paragraphs 1 through 33 above as if they were set forth herein.

35. At all times relevant herein, Defendant has been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36. At all times relevant herein, Defendant has employed (and/or continue to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA.

37. At all times relevant herein, Defendant has had a uniform plan, policy and practice of willfully refusing to pay Plaintiffs and other members of the class appropriate overtime compensation for all of their hours worked.

38. Defendant knew or showed willful disregard for the fact that its compensation policies violated the FLSA since Defendant did not calculate Plaintiffs' overtime rate in accordance with federal regulations, nor did Defendant's compensation scheme ensure that Plaintiffs would be exempt from the FLSA.

39. Due to Defendant's willful FLSA violations, as described above, Plaintiffs and the other members of the class are entitled and, hereby seek, to recover from Defendant compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against Defendant:

A.  Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B.  An award of compensation for unpaid overtime wages to Plaintiffs and the other members of the class at the applicable FLSA overtime rate of pay.

C.  An award of liquidated damages to Plaintiffs and other members of the class;

D.  An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

E.  An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

F.  A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated:  June 10, 2019                          Respectfully Submitted,

                                               *s/Gordon E. Jackson*
                                               Gordon E. Jackson (TN BPR #08323)
                                               J. Russ Bryant (TN BPR #33830)
                                               Robert E. Turner, IV (TN BPR #35364)
                                               Nathaniel A. Bishop (TN BPR #35944)
                                               **JACKSON, SHIELDS, YEISER & HOLT**
                                               Attorneys at Law
                                               262 German Oak Drive
                                               Memphis, Tennessee 38018
                                               Tel: (901) 754-8001
                                               Fax: (901) 759-1745
                                               *gjackson@jsyc.com*
                                               *rbryant@jsyc.com*
                                               *rturner@jsyc.com*
                                               *nbishop@jsyc.com*

                                               Attorneys for the Named Plaintiffs, on behalf of
                                               themselves and all other similarly situated current
                                               and former employees