**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **JACOB O'BRYANT et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**ABC PHONES OF NORTH CAROLINA,** )<br>**INC., d/b/a VICTRA, f/d/b/a A Wireless,** )<br>)<br>**Defendant.** ) | **Civil No. 2:19-cv-02378-SHM-tmp**<br><br>**JURY DEMAND** |

**ORDER ACCEPTING & GRANTING STIPULATED MOTION FOR CONDITIONAL CERTIFICATION OF THE COLLECTIVE ENCOMPASSED BY THE PARTIES' SETTLEMENT**

Before the Court is the Stipulated Motion for Conditional Certification of the Collective Encompassed by the Parties' Settlement, filed by the Parties on August 11, 2020. (D.E. No. 68.) The Parties have submitted a Joint Motion for Preliminary Approval of Amended Settlement. (D.E. No. 71.) Before the Court rules on that motion, the parties stipulate to, and seek an order on, conditional certification so that conditional certification is no longer an impediment to settlement approval and so that they have the details needed to prepare to administer notice.

**I.   Standard of Review**

At this conditional certification stage, the question is whether the members of the putative class are "similarly situated." See 29 U.S.C. § 216(b). The plaintiff must show that "his position

is similar, not identical, to the positions held by the putative class members." Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546-47 (6th Cir. 2006) (citations omitted). A plaintiff can make that showing by demonstrating the putative class "suffer[ed] from a single, FLSA—violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." O'Brien v. Ed Donnelly Enterprises, Inc., 575 F.3d 567, 585 (6th Cir. 2009), abrogated on other grounds, Campbell-Ewald Co. v. Gomez, 577 U.S. 153 (2016). That showing can also be made if plaintiff's "claims [a]re unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." Id.

A finding that the putative class is similarly situated need only be supported by a "modest factual showing," and this "fairly lenient standard . . . typically results in conditional certification of a representative class." Comer, 454 F.3d at 547. At this stage, the "district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members." Frye v. Baptist Memorial Hosp., Inc., No. 07-2708, 2008 WL 6653632, at *5 (W.D. Tenn. Sept. 16, 2008) (internal quotations omitted).

**II. Analysis**

The Court accepts the Parties' stipulations about conditional certification. The Court finds that the Parties have made the modest factual showing for conditional certification at the first stage. See Comer, 454 F.3d at 547. Although the putative class consists of managers and non-managers, "[u]ltimately, at the notice stage, a determination that plaintiffs are similarly situated does not depend on the similarities of their job titles, descriptions or duties, but rather if they suffered from a single, FLSA-violating policy. . . ." Taylor v. Pilot Corp., No. 14-cv-2294-SHL-tmp, 2015 WL 12001270, at *4 (W.D. Tenn. June 16, 2015) (internal quotations omitted). Based on the allegations in the Second Amended Complaint, both managers and non-managers were paid an hourly rate plus commissions. (D.E. No. 67 ¶ 16.) Plaintiffs allege that commission and other bonuses were not included in the rate used to calculate overtime payments for both managers and non-managers. (Id. ¶ 22.) Plaintiffs also allege that both managers and non-managers were not compensated for all hours worked. (Id. ¶¶ 27-30.) Plaintiffs therefore allege that all members of the putative class, whether managers or non-managers, were subject to the same FLSA-violating policies. See O'Brien, 575 F.3d at 585.

In accordance with the Parties' stipulations, the Court conditionally certifies the following collective:

> Current and former non-exempt employees of Defendant VICTRA who worked as store managers and non-manager retail employees who worked in any Defendant VICTRA-owned store in the United States at any time between June 10, 2016, and August 7, 2020.

In their Stipulated Motion, the Parties note that they seek approval of the Notice and Consent Form in connection with their Joint Motion for Preliminary Approval of Amended Settlement. The Court will consider and evaluate the Form and the Motion together.

### III. Conclusion

For the forgoing reasons, the Parties' Stipulated Motion for Conditional Certification of the Collective Encompassed by the Parties' Settlement is GRANTED.

**SO ORDERED**, this  15th   day of October, 2020.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE